United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2007

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

---

m 06-30855

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

EARNEST JONES III,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Earnest Jones III pleaded guilty, without a plea agreement, to one count of possession of a firearm by a felon. He received a non-guideline sentence of 60 months, a departure of 23 months from the top of his guideline range.

He appeals, claiming that the court based the sentence on the inappropriate factor of his lengthy arrest record. On plain error review, we affirm.

I.

Jones was arrested while in possession of a firearm. He admitted that he was on probation for a conviction eleven days earlier in Louisiana state court of attempted possession with

intent to distribute crack cocaine, a felony. He also admitted to being aware that he had no right to own or possess a firearm.

Jones's base offense level under the guidelines was 20. After a three-level reduction for acceptance of responsibility, his offense level was 17. His criminal history included a juvenile conviction of illegal carrying weapons, and the adult cocaine conviction. Two points were added because the instant offense was committed while Jones was on probation, resulting in a criminal history category of III. The presentence investigation report ("PSR") correctly calculated the guidelines range as 30-37 months and recommended a sentence at the bottom of that range. Neither party objected to the PSR.

At the initial sentencing hearing, the district court announced that it was "considering sentencing Mr. Jones above the guideline range in this case for certain reasons," and it granted a continuance so both parties could submit memoranda. In its memo, the government did not argue for a sentence outside the range.

At the final sentencing hearing, the court stated that Jones has "an extensive arrest record here, although, none of these count for his criminal history category. For someone who is only 18 or 19 years old to have this extensive arrest record indicates to me that his criminal history category probably or clearly understates the significance of his past criminal conduct. . . . [P]articularly disturbing is the fact that so many of [the arrests] involve violence, weapons, and you appear to have some kind of fascination with guns."

The court concluded that "a sentence outside the guidelines range is clearly warranted in your case, Mr. Jones. You have . . . engaged in a long course of criminal conduct of using and carrying firearms and guns. . . . [Y]our conduct when put on probation in state court to commit another serious felony made eleven days later speaks volumes to me here as to the need to give you a sentence above the guidelines here in order to deter any future conduct on your behalf . . . and to protect the public; most importantly, to protect the public from further crimes."

Jones did not object following the court's statement of reasons. He appeals, arguing that the court erred in considering his arrest record at sentencing. Jones acknowledges that he did not preserve the issue.

II.

"[I]t is an incorrect application of the Guidelines for a district court to depart from the applicable sentencing range based on a factor that the Commission has already fully considered in establishing the guideline range or . . . on a factor that the Commission has expressly rejected as an appropriate ground for departure." *Williams v. United States*, 503 U.S. 200 (1992). This statement remains controlling law in this circuit even in the wake of *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Jones*, 444 F.3d 430, 434-37 (5th Cir.), *cert. denied*, 126 S. Ct. 2958 (2006). Consideration of prior arrests by a district court in sentencing is error. *See id.* at 436; U.S.S.G. § 4A1.3. If Jones had preserved this error, we would likely review under the harmless error standard.[1]

Because Jones did not preserve, we review under *United States v. Olano*, 507 U.S. 725

---

[1] See *Williams*, 503 U.S. at 203; *Jones*, 444 U.S. at 434-35 (questioning whether *Williams* remains controlling after *Booker*).

(1993). That framework requires Jones to show (1) there was error, (2) the error was plain, (3) the error affected his "substantial rights," and (4) the error seriously affected "the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732, 734.

The district court's consideration, at sentencing, of prior arrests was plain error. *See Jones*, 444 F.3d at 436. Although the government argues that the court discussed Jones's arrests only in passing, that argument is belied by the record. The court commented that Jones's criminal history score inadequately reflected his past conduct immediately following a review of Jones's arrest record.

The court's conclusion that Jones was "engaged in a long course of criminal conduct of using and carrying firearms and guns" necessarily resulted from the court's examination of his past arrests for gun-related crimes; Jones had only a single conviction for a gun-related offense before the instant case. The court did not find that Jones actually committed the offenses for which he was arrested, and commented only that it seemed unlikely that he would have been arrested wrongfully so many times. The plainly erroneous consideration of the arrest record was a factor in sentencing.

The remaining considerations are whether the error affected substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. In *Jones*, we noted that this circuit has applied two different tests to determine whether an error in sentencing affected substantial rights. *See Jones*, 444 F.3d at 437. In *United States v. Ravitch*, 128 F.3d 865, 869 (5th Cir. 1997), we used an objective test, to the effect that error affects substantial rights only if the district court cannot impose the same sentence on re-

mand. More recently, in *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005), we used a subjective test that states that error affects substantial rights where there is a reasonable probability that, but for the error, the court would have imposed a lesser sentence. In *Jones*, 444 F.3d at 438, we avoided this conflict, because we concluded that the defendant had failed to show the error affected his substantial rights under either test.

As in *Jones*, we need not resolve this disparity. Assuming, *arguendo*, that there is a reasonable probability that Jones's sentence would have been less had the district court not considered his arrest record, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

Neither party disputed that Jones had a history with guns, and the court was "particularly disturbed" by Jones's possession of a gun little more than a week after a state court felony conviction. The court engaged in a lengthy discussion of the defendant's criminal history and the offense characteristics, and it addressed the arguments raised by defense counsel. Finally, the court sought to align Jones's sentence with similarly situated defendants, and it sentenced Jones in line with *United States v. Smith*, 440 F.3d 704 (5th Cir. 2006), in which we upheld a larger departure to sixty months for a felon-in-possession charge. Our respect for the district court's diligent effort at the sentencing hearing is not undermined by its unnecessary discussion of Jones's arrest record.

The cases Jones cites to demonstrate that this sentencing error seriously affected the fairness, integrity or public reputation of judicial proceedings involve more egregious errors. In *United States v. Palmer*, 456 F.3d 484, 491-92

3

(5th Cir. 2006), we reversed a guilty-plea conviction where the facts stipulated did not provide a factual basis to conclude that the defendant had committed the charged offense of possession of a firearm in furtherance of a drug trafficking crime. In *United States v. Severin*, No. 05-30332, 2006 U.S. App. LEXIS 25386 (5th Cir. Oct. 11, 2006) (per curiam) (unpublished), we vacated a sentence where the court had incorrectly applied the firearm enhancement under the sentencing guidelines without a factual basis, resulting in an incorrectly calculated sentencing range. These errors go to the criminality of the underlying conduct, not to the discretionary decision of how lengthy a sentence is necessary to provide adequate deterrence and protect the public.

The judgment of sentence is AFFIRMED.