# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2007

Charles R. Fulbruge III
Clerk

No. 06-41691
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HOMERO TIJERINA-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-919-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Homero Tijerina-Rodriguez appeals the sentence imposed upon his guilty-plea conviction for illegal reentry following deportation. See 8 U.S.C. § 1326. As the Government concedes, Tijerina's range of imprisonment under the advisory Guidelines was erroneously calculated because he received criminal history points for a prior conviction too old to be included in the calculation. Because Tijerina's 52-month sentence is above the highest sentence under the correct advisory guideline range of 41 to 51 months, and because the district court did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not state it was imposing an upward departure or a non-guideline sentence, Tijerina has shown the district court committed reversible plain error.  See United States v. Jones, 489 F.3d 679, 681-82 (5th Cir. 2007); United States v. Smith, 440 F.3d 704, 707-08 & n.3 (5th Cir. 2006); United States v. Jones, 444 F.3d at 430, 438-41 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006); United States v. Villegas, 404 F.3d 355, 364-65 (5th Cir. 2005); see also Williams v. United States, 503 U.S. 193, 200 (1992).  Accordingly, Tijerina's sentence is vacated; and this case is remanded to the district court for resentencing.

In the light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Tijerina challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  Our court has held this issue is "fully foreclosed from further debate".  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir.), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.