IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30759
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MALCOLM SCOTT GUILLORY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20142-1

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Malcolm Scott Guillory appeals the sentence of 180 months imposed by the district court on remand. The court departed upward from the advisory range of 110 to 137 months on the basis that Guillory's criminal history category of VI grossly underrepresented his criminal history. Guillory also complains that the court did not articulate sufficient reasons for departing upward.

We review sentences for reasonableness, which, in the context of an upward departure, ordinarily requires the application of an abuse-of-discretion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standard.   United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005).   A sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); and (2) are justified by the facts of the case.   United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006). Where a court does not depart for impermissible reasons, its decision that a departure is warranted and the extent of the departure are entitled to great deference.   Saldana, 427 F.3d at 312.   However, because Guillory did not object to the upward departure or to the sufficiency of the district court's reasons, we review for plain error.   See United States v. Jones, 489 F.3d 679, 681 (5th Cir. 2007).

The Guidelines expressly authorize a district court to depart upward based on a finding that the criminal history category substantially underrepresents the seriousness of the defendant's criminal past or the likelihood that he will commit other crimes.   See U.S.S.G. § 4A1.3(a)(1), p.s.; see also Zuniga-Peralta, 442 F.3d at 347.   As the district court noted, Guillory had a significant criminal history, earning him 22 points, nine greater than necessary for a criminal history category of VI.   Guillory's adult criminal convictions date back to 1989.   Further, more than one of his convictions involved assaultive behavior, including his 1993 simple burglary conviction, his 2000 conviction for possession of cocaine, and his 2004 conviction for attempting to disarm a peace officer.   Given Guillory's history, the district court reasonably concluded that a criminal history category of VI was insufficient to achieve the sentencing goals of, inter alia, deterrence and protection of the public.

In addition, the district court gave adequate reasons for the departure, citing specific portions of Guillory's criminal history and specific sentencing considerations under § 3553(a).   Further, the extent of the departure was not unreasonable.   See United States v. Smith, 417 F.3d 483, 492-93 and n. 40 (5th Cir. 2005).   Accordingly, the district court committed no error, plain or

otherwise, with respect to its decision to depart, its reasons for the departure, or the extent of the departure.

The judgment of the district court is AFFIRMED.