# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-11128
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

SHELVIN LYNN HOLMAN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-370-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Shelvin Lynn Holman appeals his sentence following his convictions for distribution of cocaine; using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime; and being a felon in possession of a firearm. For the brandishing of a firearm conviction, Holman was sentenced in accordance with 18 U.S.C. § 3559(c)(1) to a mandatory life sentence. Holman argues that § 3559(c)(1) is unconstitutional because it violates the Eighth Amendment, the separation of powers doctrine, and the Due Process Clause.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government has filed a motion for summary affirmance and alternatively requested an extension of time in which to file a brief. The Government contends that Holman's arguments are foreclosed by United States v. Martin, 431 F.3d 846 (5th Cir. 2005).

This court reviews a district court's interpretation and application of a sentence enhancement provision de novo. United States v. Montgomery, 402 F.3d 482, 485 (5th Cir. 2005). The Government is correct that Holman's Eight Amendment argument is foreclosed by Martin. In Martin, 431 F.3d at 853, the court determined that § 3559(c) does not violate the Eighth Amendment and is constitutional. In making its decision in Martin, the court relied on United States v. Rasco, 123 F.3d 222 (5th Cir. 1997). In Rasco, 123 F.3d at 226-27, the court determined that § 3559(c) does not violate the separation of powers doctrine. Thus, Holman's separation of powers argument is also foreclosed. See id. However, neither Martin nor Rasco addressed Holman's particular due process arguments. Nevertheless, Holman's arguments are without merit.

Holman argues that § 3559(c)(1) violates the Due Process Clause because it restricts a sentencing judge's discretion and prevents the judge from tailoring an individualized sentence based upon a defendant's particular circumstances. Holman also argues that the statute's mandatory life sentence violates the Due Process Clause because it effectively denies a defendant the right to be present at sentencing and the right to offer mitigation evidence by way of allocution. These due process arguments raised by Holman are not the same arguments he raised before the district court. Thus, they are reviewed only for plain error. See United States v. Jones, 489 F.3d 679, 681 (5th Cir. 2007). Under the plain error standard, Holman must show that (1) there was a legal error, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Id.

The Constitution does not guarantee individualized sentencing nor provide for the presentation of mitigation evidence in noncapital cases. See Harmelin v.

Michigan, 501 U.S. 957, 995 (1991). Thus, there is no constitutional impediment to the district court imposing a mandatory sentence without considering Holman's particular circumstances. See, e.g., United States v. White, 869 F.2d 822, 825 (5th Cir. 1989). Accordingly, Holman has failed to show any error, plain or otherwise. See Jones, 489 F.3d at 681.

In light of the foregoing, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time is DENIED as moot.