IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-51342
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MIGUEL ANGEL GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1241-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Garcia pleaded guilty to two counts of bank robbery. The district court upwardly departed pursuant to U.S.S.G. § 4A1.3 and sentenced Garcia to 110 months of imprisonment three years of supervised release on each count, to be served concurrently, and ordered him to pay $2,620 in restitution.

Garcia argues for the first time on appeal that the district court erred in upwardly departing pursuant to U.S.S.G. § 4A1.3 and that his sentence was otherwise unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error." Gall v. United States, 128 S. Ct. 586, 597 (2007). If the sentencing decision is procedurally sound, the appellate court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. However, where the defendant fails to object, our review is for plain error. See United States v. Peltier, 505 F.3d 389, 390-92 (5th Cir. 2007); United States v. Jones, 489 F.3d 679, 681 (5th Cir. 2007).

Garcia argues that the district court procedurally erred in upwardly departing pursuant to § 4A1.3 because he already had received criminal history points for the prior offenses pointed out by the district court in its decision to upwardly depart and for the proximity of two of those prior offenses to the instant offense. However, the district court did not err, plainly or otherwise, in upwardly departing because Garcia's recidivism and dangerousness are independent factors warranting an upward departure, and the district court sufficiently considered the 18 U.S.C. § 3553(a) factors in upwardly departing. See Jones, 489 F.3d at 681; United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006); United States v. Medina-Gutierrez, 980 F.2d 980, 984 (5th Cir. 1992).

Garcia further argues that his sentence was otherwise substantively unreasonable under § 3553(a) because it did not take into account his cocaine addiction, his medical condition, his motive of supporting his family, his need for drug treatment, or the fact that deterrence was unwarranted. However, the district court considered these factors and the § 3553(a) factors at sentencing, and thus Garcia has failed to demonstrate that the district imposed an unreasonable sentence. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Jones, 444 F.3d 430, 442 and n.62 (5th Cir. 2006).

AFFIRMED.