# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-10223
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

v.

URIEL BLANCO-PEREZ,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:07-CR-113-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Uriel Blanco-Perez appeals the 60-month sentence imposed following his guilty-plea conviction of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a).  He argues that the decision to deport upwardly and the extent of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departure were an abuse of discretion.

We review sentences for reasonableness, using an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 594-96 (2007). Reasonableness review, in the context of a guidelines departure, requires this court to evaluate "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006). Blanco-Perez's arguments that he did not begin committing crimes at age nineteen and that the court improperly relied on prior arrests for the upward departure are raised for the first time on appeal and are therefore reviewed for plain error. United States v. Jones, 489 F.3d 679, 681 (5th Cir. 2007).

To the extent the district court relied on Blanco-Perez's beginning his criminal career at age nineteen, there is no plain error. See United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991). To the extent the court relied on prior arrests for the departure, there was plain error. Jones, 489 F.3d at 682. Any such error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings, however, because the district court also considered permissible factors supporting the departure. Id.; see United States v. Jones, 444 F.3d 430, 441 (5th Cir. 2006); see also United States v. Lee, 358 F.3d 315, 329 (5th Cir. 2004); 18 U.S.C. § 3553(a); U.S.S.G. § 4A1.3(a)(2)(E). Accordingly, Blanco-Perez has not shown that the court abused its discretion in upwardly departing. See Zuniga-Peralta, 442 F.3d at 347.

The district court indicated that the extent of the departure addressed the sentencing objectives of punishment, deterrence, and protection of the public, and the extent of the departure is similar to those we have affirmed. See id. at 346-48; Lee, 358 F.3d at 328-29; United States v. McKenzie, 991 F.2d 203, 205 n.7, 206 n.8 (5th Cir. 1993); § 3553(a). Blanco-Perez has not shown that the extent of the departure is an abuse of discretion or that the sentence is unreasonable. See Zuniga-Peralta, 442 F.3d at 346-48. The judgment is AFFIRMED.