IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-10549

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALEXANDER WEHR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-206-ALL

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alexander Wehr pleaded guilty to one count of wire fraud. He was sentenced to 135 months of imprisonment. He now appeals his sentence. We affirm.

I.

Wehr was once a stock broker and investment advisor. In 2004, his stock broker license was suspended by the National Association of Securities Dealers. The license then expired. In 2005, Wehr recruited Wendy Rosenfeld to become

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his client. Wehr did not tell Rosenfeld that he was unlicensed. He persuaded Rosenfeld in October 2004 to open three accounts under his control. Over $380,000 in investments and $500,000 in cash was transferred into the accounts controlled by Wehr. Wehr was not authorized to make trades without Rosenfeld's consent, and was not authorized to transfer cash. Nevertheless, he created and faxed fictitious authorization letters to move cash from Rosenfeld's accounts into his own personal accounts. Over 30 such letters were forged, allowing Wehr to transfer more than $500,000.

Wehr was charged with one count of wire fraud. He pleaded guilty on January 5, 2007. The Presentence Investigation Report (PSR) detailed many other instances in which Wehr had misappropriated the funds of the investors whose accounts he managed. The evidence showed that Wehr had stolen substantial amounts of money from these individuals over a period of several years. The probation officer calculated that Wehr had stolen approximately $1,620,000 from his victims.

The base level of Wehr's offense was seven. See U.S. SENTENCING GUIDELINES MANUAL § 2B1.1(a)(1) (2006) (U.S.S.G.). This was enhanced by sixteen levels because the dollar amount of fraud was between $1,000,000 and $2,500,000. See U.S.S.G. § 2B1.1(b)(1)(I). Two levels were added because Wehr committed the offense after his broker license was suspended. See U.S.S.G. § 2B1.1(b)(8)(C). Two levels were added because the crime involved sophisticated means, see U.S.S.G. § 2B1.1(b)(9)(C), and another two were added because Wehr abused a position of private trust, see U.S.S.G. § 3B1.3. The PSR provided for a three-point reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1. With an offense level of 26 and a criminal history category of I, Wehr's Guidelines range was 63–78 months. The probation officer did note, however, that "the loss amount suffered by the victims understates the total harm inflicted," as "the victims were left with no retirement income and in most instances, the victims have reached the age of retirement."

Prior to the sentencing hearing, Wehr objected primarily to the loss calculation and the PSR's determination that his conduct towards investors other than Rosenfeld was relevant conduct. He also challenged the enhancement under § 2B1.1(b)(8)(C). The court issued a preliminary ruling in which it gave a "tentative" conclusion that Wehr's objections lacked merit.

At the sentencing hearing, Wehr continued to urge his the majority of his objections to the PSR's calculation of loss amount and determination of relevant conduct. After hearing significant testimony on the matter from the FBI case agent who investigated Wehr's crimes, the court overruled the objections. The court also found that Wehr had "frivolously contested some of the loss amounts." Accordingly, the court denied Wehr the reduction for acceptance of responsibility. This produced a Guidelines range of 87–108 months of imprisonment. The district court found that the offense level substantially understated the severity of Wehr's offense because it took into account only lost investment principal. The loss did not take account of lost investment income and opportunities. The court also found that a departure was warranted due to the victims' ages, the fact that they lost their life savings, and their inability to recover from the losses. Consequently, these factors took Wehr's case "outside the heartland of cases the Court normally sees."

The court sentenced Wehr to serve 135 months in prison and a three-year term of supervised release. Wehr now appeals only his sentence.

## II.

When reviewing a sentence, we typically consider whether the district court committed a significant procedural error at sentencing and whether the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 594 (2007); see also United States v. Cisneros-Guiterrez, 517 F.3d 751, 764 (5th Cir. 2008). The district court's interpretation and application of the Guidelines are reviewed de novo, and its findings of fact are reviewed for clear error. See Cisneros-Guiterrez, 517 F.3d at 764.

Wehr first argues that the district court erred by using relevant conduct involving transactions he completed with individuals other than Rosenfeld. Wehr contends that these acts were not relevant conduct for purposes of § 1B1.3 because these acts involved different types of conduct from the acts underlying the count of conviction. He also argues that $219,000 of loss arising from transactions with individuals other than Rosenfeld should not have been used to calculate his sentence because this loss was not proved by a preponderance of the evidence. We review Wehr's challenges to the district court's relevant conduct and loss amount determinations for clear error. See United States v. Mann, 493 F.3d 484, 497 (5th Cir. 2007). Wehr has not met this standard.

The disputed acts were properly classed as relevant conduct even though they were not identical to the acts underlying the count of conviction. See United States v. Buck, 324 F.3d 786, 796-97 (5th Cir. 2003). These acts involved a similar modus operandi—purporting to manage investments while defrauding clients for personal gain. See U.S.S.G. § 1B1.3 cmt. n.9(A). The acts also had substantially the same goal as the acts that led to Wehr's conviction. Wehr often commingled "client" funds or, in essence, robbed Peter to pay Paul in order to cover up his frauds. These acts thus qualified as relevant conduct. See Buck, 324 F.3d at 796-97; see also United States v. Hinojosa, 484 F.3d 337, 342 (5th Cir. 2007) (finding earlier Ponzi scheme separated from crime of conviction by several years was relevant conduct where the purpose "was to defraud victims in an investment scheme"). Wehr's argument that the court erred when assessing relevant conduct lacks merit.

Wehr's argument that the district court erred when assessing the loss attributable to his offense likewise lacks merit. Wehr specifically challenges the inclusion of $219,000 in his loss calculations. After reviewing the transcript of the sentencing hearing, we do not believe that Wehr has shown clear error in connection with the district court's loss calculations. Even if the court erroneously included the disputed $219,000, Wehr still is not entitled to relief,

as subtraction of this sum does not change his Guidelines calculations. See U.S.S.G. § 2B1.1(b)(1)(I). Any error that occurred in relation to this sum does not affect Wehr's substantial rights, and therefore is harmless. See FED. R. CRIM. P. 52(a); cf. United States v. Pineiro, 410 F.3d 282, 285-86 (5th Cir. 2005).

Wehr argues that the district court erred by declining to grant him a downward adjustment for acceptance of responsibility. This argument is unavailing. Wehr bore the burden of proving that he was entitled to the reduction. See United States v. Lghodaro, 967 F.2d 1028, 1031 (5th Cir. 1992). The reviewing court applies a standard of review "even more deferential than a pure clearly erroneous standard." United States v. Cano-Guel, 167 F.3d 900, 906 (5th Cir. 1999) (quotation and internal quotation marks omitted). The reviewing court will affirm unless the district court's decision is "without foundation." United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002).[1] The district court declined to grant this adjustment because it found that Wehr had frivolously contested some of the conduct and loss amounts that were attributed to him. Wehr continued to urge his objections even after the court indicated that it believed that the objections were without merit. The court then conducted a lengthy hearing to determine the propriety of the objections and the relevant conduct and loss determinations. The evidence amply demonstrated that Wehr had, in essence, run a multi-year Ponzi scheme to the detriment of his clients.

---

[1] The application notes indicate that appropriate considerations of a defendant's acceptance of responsibility include:

> truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). . . . [A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;

§ 3E1.1 cmt. n.1(a) (emphasis added); see also § 3E1.1 cmt. n.3. Additionally: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." § 3E1.1 cmt. n.5.

We therefore believe that the district court's denial of an adjustment for acceptance of responsibility has some foundation and, concomitantly, is not clearly erroneous. See Solis, 299 F.3d at 458; Cano-Guel, 167 F.3d at 906.

Wehr challenges the district court's decision to impose an upward departure at sentencing pursuant to the Guidelines. Wehr contends that the district court erred by not sufficiently weighing some sentencing considerations and by giving too much weight to others that were also accounted for by the Guidelines. Reasonableness review, in the context of a Guidelines departure, requires this court to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006) (quotation omitted).

After reviewing the record, we believe that the district court's reasons for the departure comport with the sentencing goals of 18 U.S.C. § 3553(a)(2) and that the departure is justified by the facts of the case. Consequently, the district court committed no error in connection with its choice of sentence. See id. The record also refutes Wehr's assertion that the district court failed to give proper consideration to certain sentencing factors and relied too much on others (namely, lost investment income and opportunities, the severity of the losses inflicted, and the vulnerability of the victims). See United States v. Williams, 517 F.3d 801, 809-11 (5th Cir. 2008). Wehr has not shown that the district court erred by upwardly departing at sentencing.

Wehr's final contention is that the district court erred by applying sentencing adjustments because it determined that he committed the instant offense in violation of an order and abused of a position of trust. He contends that the district court should not have applied both of these adjustments because they were based on the same conduct. We review this claim for plain error only because it was not presented to the district court. See United States v. Jones, 489 F.3d 679, 681 (5th Cir. 2007).

Each of the disputed adjustments pertained to a different aspect of Wehr's behavior. See United States v. Scurlock, 52 F.3d 531, 540 (5th Cir. 1995). Accordingly, Wehr has shown no clear or obvious error in connection with the district court's decision to apply both disputed adjustments, nor has he shown that he should receive relief on this claim. See id.

The judgment of the district court is AFFIRMED.