# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-50609
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES DEION MOREAU, also known as D-Ray,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-30-ALL

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In 2006 James Deion Moreau, federal prisoner # 27924-180, pleaded guilty to one count of possessing with intent to distribute five grams or more of crack cocaine. *See* 21 U.S.C. § 841(a) and (b)(1)(B). He appeals the denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the Sentencing Guidelines that lowered the applicable offense level for crack cocaine offenses. Moreau contends that the district court (1) focused too intently on his crime of conviction and gave too much weight to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his criminal history, (2) erred by considering his record of arrests that did not result in convictions, and (3) attributed too much significance to his prison disciplinary record.

Section 3582 permits the modification of a defendant's sentence when the guidelines range is later lowered by the Sentencing Commission. *See* § 3582(c)(2); *see also United States v. Doublin*, 572 F.3d 235, 236 (5th Cir. 2009); *United States v. Robinson*, 542 F.3d 1045, 1048-49 (5th Cir. 2008). Amendment 706 modified the guidelines ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. U.S.S.G. Supp. to App'x C, Amend. 706; *United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). In general, the effect of Amendment 706 is to decrease by two levels the base offense levels for crack cocaine offenses. *See* Amend. 706; U.S.S.G. § 2D1.1; *Doublin*, 572 F.3d at 236. The district court's decision on a § 3582(c)(2) motion is ordinarily reviewed for abuse of discretion. *Doublin*, 572 F.3d at 237.

The exercise of sentencing discretion in § 3582(c)(2) proceedings requires that the district court consider, inter alia, the factors set forth in 18 U.S.C. § 3553. *See Robinson*, 542 F.3d at 1048; U.S.S.G. § 1B1.10. This includes the defendant's criminal history and the need to protect the public. *See* § 3553(a). Moreau's contention that his youthful criminal conduct was too remote to justify the denial of the requested reduction is belied by the record.

Moreau's contention that it was error to consider his arrest record also provides no ground for relief. Moreau did not raise this issue in the district court; thus, our review is for plain error. *See* FED. R. CRIM. P. 51(b)*; United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *cert. denied*, 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099). To show plain error, Moreau must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if we assume that the consideration of prior arrests constitutes error that is clear or obvious, *see United States v. Jones,* 489 F.3d 679, 681 (5th Cir. 2007),

Moreau is unable to show that the alleged error affected his substantial rights. Consideration of his arrest record had no effect on the guidelines recalculation. The record shows that the district court considered all the circumstances, properly weighed the pertinent factors, and declined to grant § 3582(c)(2) relief because it decided that an 84-month sentence was appropriate. Moreau has not shown plain error, nor has he established entitlement to relief on this claim. *See Puckett*, 129 S. Ct. at 1429; *United States v. Jones*, 444 F.3d 430, 437-38 (5th Cir. 2006).

Moreau's attempt to show that it was an abuse of discretion to consider his post-sentencing conduct fails as well. *See* § 1B1.10, comment. (n.1(B)(iii)). Moreau's numerous disciplinary infractions following his imprisonment evidence his lack of respect for authority and bolster the district court's concerns that Moreau will recidivate when released.

The district court did not abuse its discretion or commit plain error in denying the reduction sought by Moreau. *See Doublin*, 572 F.3d at 237; *Puckett*, 129 S. Ct. at 1429.

AFFIRMED.