# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 15, 2010

No. 09-10295
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS RESENDIZ-MARTINEZ, also known as Jesus Resendiz-Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-173-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Resendiz-Martinez (Resendiz) appeals the 48 month sentence imposed following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1)(2). Resendiz challenges the district court's upwardly departing from criminal history category VI pursuant to U.S.S.G. § 4A1.3(a), p.s., arguing that the decision to depart was not justified by the facts in his case and that the court failed to follow the incremental approach in determining the extent of departure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We need not resolve the parties' dispute over the standard of review governing Resendiz's first issue because under either standard, Resendiz's argument fails. The district court found that the criminal history substantially underrepresented Resendiz's serious criminal history *and* the likelihood that he will commit other crimes. Here and below, Resendiz challenged only the first part of that finding. Under § 4A1.3, a district court may upwardly depart on either basis. Moreover, the district court's reasons for departure advanced the objectives of sentencing set forth in 18 U.S.C. § 3553(a)(2) and are justified by the facts of this case. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

Resendiz's arguments below did not preserve his argument that the district court erred by failing to following the incremental approach required by § 4A1.3(a)(4)(B). This is the type of error that, if proper objection had been made, the district court could have corrected. *See Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009); *United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000). The error here is the district court's failure to "show its work" in arriving at the 48 month sentence. Resendiz does not argue, and there is nothing in the record to show, that the district court would have, or could not have, imposed a lesser sentence if it had employed the incremental approach. Thus, Resendiz's substantial rights were not affected. *See Puckett*, 129 S. Ct. at 1431; *United States v. Jones*, 489 F.3d 679, 682 (5th Cir. 2007).

AFFIRMED.