# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2010

No. 09-10878
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN DEL VALLE-CISNEROS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-14-1

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Martin Del Valle-Cisneros (Del Valle) appeals the 48-month sentence imposed after he pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. The sentence is an upward departure under U.S.S.G. § 4A1.3 (2008) from the advisory guidelines maximum sentence of 30 months. Del Valle contends that the departure was improperly based on his record of arrests.

Del Valle's arguments concerning the weight to be given certain immigration arrests did not advise the district court of the issue he now raises

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on appeal, which is that arrests cannot serve as a basis for an upward departure under § 4A1.3. Accordingly, we review his contention on appeal only for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); FED. R. CRIM. P. 51(b). To show plain error, Del Valle must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *See id.*

Even if we assume that the sentence was based partly on Del Valle's arrests, *see United States v. Jones*, 489 F.3d 679, 681-82 (5th Cir. 2007), we find that would not affect Del Valle's substantial rights because Del Valle has not shown that the district court either could not or would not have imposed the same sentence absent consideration of the arrests. *See United States v. Davis*, 602 F.3d 643, 2010 WL 1254634 *2, *6 n.6 (5th Cir. Apr. 2, 2010). We also find that this would not seriously affect the fairness or integrity of the proceedings. *See id.*, 2010 WL 1254634 at *5; *Jones*, 489 F.3d at 682. Other factors, including Del Valle's use of aliases, his prior convictions, and his illegal reentries, removals, and departures fully supported the upward departure. *See Jones*, 489 F.3d at 682*; United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006) (upholding a departure based on prior uncounted offenses and deportations and the use of numerous aliases).

In addition, the extent of the 18-month departure and the ultimate 48-month sentence are reasonable. *Cf. Jones*, 489 F.3d at 680-81 (affirming departure to 60 months from guidelines maximum of 37 months); *Zuniga-Peralta*, 442 F.3d at 348 (affirming departure to 60 months from guidelines maximum of 33 months). The judgment of the district court is AFFIRMED.