# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2010

Lyle W. Cayce
Clerk

No. 09-41003
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO VILLARREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-773-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alejandro Villarreal has appealed the sentence imposed following his guilty plea to two counts of transporting unlawful aliens. The district court departed upward in sentencing Villarreal to concurrent thirty-nine month terms of imprisonment and to concurrent three-year periods of supervised release.

After *United States v. Booker*, 543 U.S. 220 (2005), "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). To the extent that Villarreal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to preserve error below, this court's review is for plain error. *See United States v. Jones*, 489 F.3d 679, 681 (5th Cir. 2007). Under that standard, Villarreal must "show (1) there was error, (2) the error was plain, (3) the error affected his 'substantial rights,' and (4) the error seriously affected 'the fairness, integrity or public reputation of judicial proceedings.'" *Id*. (quoting *United States v. Olano*, 507 U.S. 725, 732, 734 (1993)).

"If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1) (2008). In considering whether to depart upward, the district court may consider, inter alia: "Prior sentence(s) not used in computing the criminal history category"; and "Prior similar adult criminal conduct not resulting in a criminal conviction." § 4A1.3(a)(2)(A) & (E). "A prior arrest record itself shall not be considered for purposes of an upward departure." § 4A1.3(a)(3); *see also Jones*, 489 F.3d at 681 ("Consideration of prior arrests by a district court in sentencing is error.").

Villarreal contends that, in departing upward, the district court improperly considered that two of the individuals he transported were juveniles. He argues that he received a two-level upward adjustment in offense level for transporting juveniles, and so, that fact was accounted for by the guidelines. Villarreal has not shown that the district court plainly erred in giving additional weight to the fact that several of the aliens were juveniles. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

Villarreal contends that his criminal history category, level IV, did not understate the seriousness of his criminal history because many of the offenses considered by the district court were considered in determining the criminal history category. With respect to arrests that did not result in convictions, Villarreal argues, one resulted in acquittal and the others were dismissed with

no reason noted.  For that reason, he asserts, the evidence regarding those offenses was unreliable.

Although Villarreal did not object to the upward departure, he did argue in the district court that his prior arrests not resulting in convictions should not be considered.  Thus, any error on the part of the district court in considering the prior arrests has been reviewed for harmless error.  *See Jones*, 489 F.3d at 681.

In imposing the upward departure, the district court specifically mentioned Villarreal's unscored conviction of going armed with intent and the fact that Villarreal had threatened to kill a woman and two children in that offense.  Villarreal has not shown that the district court plainly erred in considering this offense and Villarreal's long history of violent behavior as a basis for departing upward from the guidelines range under § 4A1.3(a)(2)(A).  *See id*. at 681-82; *see also United States v. Pennington*, 9 F.3d 1116, 1118 (5th Cir. 1993).  Because those factors were properly considered and adequately supported the upward departure, any error in considering the arrests not resulting in a conviction was harmless.  *See Jones*, 489 F.3d at 681.

Villarreal has not briefed any issue with respect to the district court's failure to explain the extent of the upward departure or the substantive reasonableness of the sentence.  Issues not briefed on appeal are waived.  *See United States v. Waldrop*, 404 F.3d 365, 368 n.1 (5th Cir. 2005); *United States v. Narviz-Guerra*, 148 F.3d 530, 537-38 (5th Cir. 1998).  The judgment is

AFFIRMED.