**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

No. 09-30915
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CALVIN BETHLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-182-1

Before GARWOOD, PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Calvin Bethley appeals the sentence he received in September 2009 following his guilty-plea conviction for escape, in violation of 18 U.S.C. § 751(a). Specifically, he challenges the district court's decision to depart upwardly to 60 months, pursuant to U.S.S.G. § 4A1.3.

Bethley did not specifically object to the district court's methodology in calculating his sentence, and review is therefore for plain error only. *See United States v. Jones*, 489 F.3d 679, 681 (5th Cir. 2007). To demonstrate plain error,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.; see also United States v. Ellis*, 564 F.3d 370, 377-79 (5th Cir.) (explaining that, on plain error review, the legal error must be obvious and not subject to reasonable debate and that "[n]ot every error that increases a sentence need be corrected by a call upon plain error doctrine"), *cert. denied*, 130 S. Ct. 371 (2009). Even assuming, *arguendo* only, that the district court's use of § 4A1.3 to depart upwardly both as to his criminal history category (to a score of VI) and also as to his offense level amounted to error, we nevertheless conclude that such does *not* constitute a clear or obvious error, and that failure to afford appellate relief in respect to such action by the district court does *not* seriously affect the fairness, integrity or public reputation of judicial proceedings.

Bethley contends that the extent of the upward departure in his case was unsupportably extreme, urging that a sentence of 60 months, the statutory maximum and more than 400% of the high end of the original guidelines range, was unreasonable. He argues that a severe sentence was unwarranted because he committed the least egregious form of escape, failure to report to a halfway house.

The extent of a departure is reviewed for an abuse of discretion. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). Bethley has not demonstrated an abuse of discretion on the district court's part. This court has upheld upward departures of the same extent or greater magnitudes. *See, e.g.*, *United States v. Jones*, 444 F.3d 430, 433, 442 (5th Cir. 2006); *United States v. Daughenbaugh*, 49 F.3d 171, 174 (5th Cir. 1995). Here, the district court indicated that a 60-month sentence was sufficient to account for the 18 U.S.C.

No. 09-30915

§ 3553(a) factors and the reasons underlying its decision to depart, and the court provided individualized, case-specific reasons for imposing the sentence.

The district court's judgment is AFFIRMED.