# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2011

No. 10-30463

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JEROME A. WATKINS

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
C.A. 3:09-CR-00081

Before DAVIS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jerome A. Watkins pleaded guilty to one count of possession of a firearm by a felon and one count of possession of cocaine base. The PSR established Watkins's criminal history category at II. The district court upwardly departed and sentenced Watkins to a 33-month term of imprisonment, which was consistent with a criminal history category of IV. He appeals, claiming that the court based the sentence on the inappropriate factor of his arrest record. On plain error review, we vacate Watkins's sentence and remand for resentencing.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30463

I.

The Presentence Report (PSR) assigned Watkins an adjusted offense level of 14 and a criminal history category of II, resulting in a guideline range of 18-24 months.  His criminal history points were assessed based on three convictions: driving a motor vehicle without a license, possession of cocaine, and possession of stolen property.

At sentencing, the district court noted that the events giving rise to this sentence involved Watkins being found in possession of cocaine and a handgun while fleeing an incident of domestic violence with his minor child in the car.  The district court also concluded that the PSR under represented Watkins's criminal history because he had a "fairly long record of criminal conduct" that included "four prior convictions . . . [for] armed robbery, simple burglary, battery of a police officer, and resisting a police officer."  However, those four offenses were actually arrests, not convictions.[1]  The judge also mentioned that his record reflected "possession of cocaine and prior arrests."

The district court concluded that Watkins's criminal history category of II significantly understated the seriousness of his past conduct and the likelihood he would engage in violent conduct again because he had an "unusual propensity towards violence, which [made his] possession of a firearm that much more frightening," warranting an upward departure pursuant to U.S.S.G. § 4A1.3.  The court considered that a range of 27-33 months, consistent with a criminal history of IV, was appropriate.  The court then sentenced him to 33 months imprisonment, a 9-month increase from the top of his guideline range.  On appeal, Watkins argues that the district court erred in imposing an upward

---

[1] The defendant did not have an arrest for simple burglary, but he did have one for simple battery, which is likely what the district court was referring to when it said "simple burglary."

2

No. 10-30463

departure based on his arrests, which the district court erroneously thought were convictions.[2]

## II.

Because the issue was not raised at sentencing, we review for plain error. Under the plain error standard, Watkins "must show that (1) there was error, (2) that was plain, (3) the error affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Blocker*, 612 F.3d 413, 415-16 (5th Cir. 2010) (citing *United States v. Jones*, 489 F.3d 679, 681 (5th Cir.2007)).

The Government concedes that the district court committed error that was plain to the extent that it relied on Watkins's arrest record in departing from the Guidelines. *See* U.S.S.G. § 4A1.3(a)(2)(E) (2009) ("A prior arrest record itself shall not be considered for purposes of an upward departure under this policy statement."); *United States v. Jones*, 444 F.3d 430, 434 (2006) (noting that arrests may properly be considered at sentencing if there is other reliable evidence to support a finding that the defendant actually committed the crime(s) reflected on the arrest record). However, the Government argues that the error did not affect Watkins's substantial rights because the district court based its departure not only on Watkins's arrest record but also on his prior conviction for possession of cocaine and the facts surrounding the instant offense (domestic violence, flight from the scene, and recklessness in driving with his child in a car that contained a loaded gun and drugs).

A defendant's substantial rights have been affected if there is a reasonable probability that, but for the misapplication of the guidelines, he would have

---

[2] The language the court used at sentencing makes it clear that it was using these arrests it believed to be convictions to upwardly depart. It is unclear why the court did not consider that these "convictions" warranted a higher criminal history score so that a departure may not have been necessary.

received a lesser sentence. *United States v. John*, 597 F.3d 263, 285 (5th Cir. 2010). Although the district court did discuss permissible factors, its statements reflect that it made the upward departure based primarily on the fact that Watkins had "an unusual propensity towards violence, which [made his] possession of a firearm that much more frightening." This apparently led the court to conclude that a criminal history category of II "did not adequately address the seriousness of [his] past conduct." If the court had not considered the arrests, Watkins's history would have included the nonviolent crimes of drug possession, driving without a license, and possession of stolen property. The court's statement indicates that it was more concerned with Watkins's violent propensities reflected by his arrests for battery, armed robbery, and resisting a police officer. We therefore conclude that Watkins's substantial rights were affected because there is a reasonable probability that, but for the misapplication of the guidelines, he would have received a lesser sentence. *See id.*

"In this circuit, 'whether a sentencing error seriously affects the fairness, integrity, or public reputation of judicial proceedings is dependent upon the degree of the error and the particular facts of the case.'" *U.S. v. Davis*, 602 F.3d 643, 651 (5th Cir. 2010) (quoting *John*, 597 F.3d at 286).

In *United States v. Jones*, we found that the fairness, integrity and public reputation of judicial proceedings were not harmed by the district court's consideration of a defendant's arrest record because it also engaged in a lengthy discussion of the aggravating circumstances of the case and specifically sought to align the sentence with that of a similarly-situated defendant. 489 F.3d at 682. We stated that "[o]ur respect for the district court's diligent effort at sentencing is not undermined by its unnecessary discussion of [the defendant's] arrest record." *Id.* Unlike the sentencing court in *Jones*, the district court here apparently relied primarily on the defendant's arrests as justification for the upward departure. It also erroneously believed the arrests represented

4

No. 10-30463

convictions.  Because that incorrect belief casts doubt on the court's conclusion that Watkins's history justified an upward departure, we find that the sentencing error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

III.

We therefore VACATE Watkins's sentence and REMAND for resentencing.