# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2014

Lyle W. Cayce
Clerk

No. 12-20226
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELEAZAR FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-275-12

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

We withdraw the prior panel opinion, and substitute the following:

Eleazar Flores, federal prisoner # 86573-279, appeals from his mid-guideline range sentence of 150 months imposed following his guilty plea conviction for possession with intent to distribute 100 kilograms or more of marijuana. Flores argues that the district court improperly considered his bare arrest record in determining his sentence and that the Government has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not carried its burden of demonstrating that the district court would have imposed the same sentence absent its reliance on that invalid factor.

Because Flores did not object in the district court to the consideration of his arrests, review is for plain error, *Puckett v. United States*, 556 U.S. 129, 135 (2009), and the burden is on Flores to show that there is a reasonable probability that the district court would have imposed a lesser sentence if it had not considered his bare arrest records. *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011).

Flores is correct that a district court may not consider a bare arrest record that contains no information about the circumstances of the defendant's conduct that resulted in the arrest. *See United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013). The district court may have committed clear or obvious error in considering those of Flores's arrests that were not sufficiently described.[1] However, in the context of plain error review, even if the district court errs in considering bare arrests, the court must determine whether the consideration of the arrests in conjunction with other permissible factors had an effect on the defendant's substantial rights or seriously affected the fairness and integrity of the judicial proceedings. *United States v. Williams*, 620 F.3d 483, 495 (5th Cir. 2010).

A review of the sentencing transcript reflects that in addition to any consideration of Flores's prior arrests, the district court considered the seriousness of Flores's drug offense, his managerial role in the offense, his continued use of drugs, and the fact that he was convicted of several offenses that were not taken into consideration in determining his criminal history.

---

[1] The presentence investigation report lists a number of Flores's arrests. Although some of these arrest records were bare because they provided only "the mere fact of an arrest," others were not and provided more detail regarding the circumstances leading to the arrest. *See United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012).

No. 12-20226

The record shows that the district court gave significant weight to several valid 18 U.S.C. § 3553(a) factors and does not reflect that it gave undue weight to Flores's prior unexplained arrests. Flores has not demonstrated that the district court would have imposed a lesser sentence if it had not considered the record of his bare arrests. Thus, he failed to show a substantial impact on his rights. *See Williams,* 620 F.3d at 96. In the absence of demonstrating an error that had a detrimental effect on his substantial rights, Flores cannot show that such error had an effect on the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Jones,* 489 F.3d 679, 682-83 (5th Cir. 2007). Therefore, the district court did not commit plain error in imposing the mid-guideline sentence. Flores's sentence is AFFIRMED.