# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARCOS URIBE-NAVA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-120-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marcos Uribe-Nava challenges the 24-month sentence imposed following his guilty-plea conviction for illegal reentry into the United States after deportation. 8 U.S.C. § 1326. He claims: the sentence, which exceeds his 10–16 months' advisory Guidelines sentencing range, is substantively unreasonable, including because the district court erred in balancing the 18

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

U.S.C. § 3553(a) sentencing factors by significantly overvaluing his criminal history.

Prior to sentencing, Uribe was advised by the court that it had concluded tentatively that a sentence above the advisory sentencing range would be appropriate, for the reasons stated in the presentence investigation report (PSR). Uribe did not object to the substantive reasonableness of his sentence in district court. Therefore, review is only for plain error. *E.g., United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).

Under that standard, Uribe must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court has the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* (Uribe acknowledges our precedent dictates plain-error review, but preserves for possible further review his claim that no objection to the reasonableness of his sentence was required.)

An above-Guidelines sentence is unreasonable if the district court: did not account for a factor that should have received significant weight; gave significant weight to an irrelevant or improper factor; or made a clear error of judgment in balancing the sentencing factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

For imposing sentence, the district court considered the PSR, letters and photographs submitted by Uribe, the arguments of counsel, Uribe's allocution, the properly calculated advisory Guidelines sentencing range, and the § 3553(a) factors. The court determined that, in the light of Uribe's criminal history, "a sentence above the top of the advisory guideline range [wa]s necessary to appropriately address all the [relevant] factors".

No. 14-10068

Uribe essentially asks our court to reweigh the sentencing factors. Because "[t]he sentencing judge is in a superior position to find facts and judge their import . . . ", such an analysis is inappropriate. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). Among other things, the sentence did not exceed the statutory maximum sentence of ten years' imprisonment. 28 U.S.C. § 1326(b)(1). There was no plain error.

AFFIRMED.