# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-40111
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR TURCIOS-RIVERA,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-884-1

———————

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Oscar Turcios-Rivera pleaded guilty to one count of illegal reentry following deportation. The presentence report (PSR) recommended an advisory guidelines range of 27 to 33 months of imprisonment. In imposing a 45-month term of imprisonment after considering the 18 U.S.C. § 3553(a) factors, the district court noted that Turcios-Rivera's 1991 conviction for lewd and lascivious acts was not counted in the criminal history score, that he had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentered the United States within 5 months of being deported following a 24-month sentence for illegal reentry, and that he had "other criminal conduct" against his stepson.

On appeal, Turcios-Rivera challenges the above guidelines sentence as substantively unreasonable because the district court relied on an improper factor, his 2004 arrest, and made an error in judgment in balancing the § 3553(a) sentencing factors because it overvalued the significance of his 1991 conviction. We review sentences for substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

With respect to the 2004 arrest, Turcios-Rivera did not object to the PSR containing information about the assault in question. [1] To the contrary, when asked by the district court if there were "any mistakes anywhere in this report," he said "No, everything's perfect, Your Honor." At sentencing, a district court may not consider a bare arrest record contained in a PSR. *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1845 (2013). However, in the absence of any indication that the information is not reliable, the court can consider specific information provided in the PSR. *See Harris*, 702 F.3d at 230-31 & n.1. Here, the PSR contained specific information from the offense report that Turcios-Rivera struck his stepson "in the head and face several times leaving cuts" on his face. It thus bore a sufficient indicia of reliability to be considered unless disputed. *See id*. On this record, the district court did not err in considering the 2004 arrest.

---

[1]  Turcios-Rivera objected to the substantive reasonableness of his sentence in the district court. However, he did not raise the alleged improper consideration of his arrest record, which we have treated as a procedural error, *see Harris*, 702 F.3d at 229, in the district court. Under our precedent, then, plain error review would be the appropriate standard. *United States v. Jones*, 489 F.3d 679, 681 (5th Cir. 2007). Because we conclude that Turcios-Rivera has not shown reversible error even if the error were preserved, we need not address the standard of review further.

No. 14-40111

Turcios-Rivera also argues that the district court gave undue weight to his 1991 conviction and is asking this court to reweigh the sentencing factors. The sentencing court is in the best position to find facts and judge their import. *See Gall*, 552 U.S. at 51; *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). The 45-month sentence, which was 12 months above the top of the sentencing guidelines range of 27 to 33 months of imprisonment, is not substantively unreasonable. *See Smith*, 440 F.3d at 708, 710.

AFFIRMED.