# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-50162

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANNALYSSIA DOMINGUEZ,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CR-249-1

———————————————————————

Before ELROD, *Chief Judge*, and CLEMENT and HAYNES, *Circuit Judges*.
PER CURIAM:*

Annalyssia Dominguez pled guilty to conspiracy to commit honest-services mail fraud. She and codefendants conspired to issue commercial driver's licenses to people who had not met the license requirements in exchange for bribes and kickbacks. The Sentencing Guidelines recommended twelve to eighteen months of imprisonment. The district court sentenced her to three years of probation.

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50162

Dominguez violated her conditions of probation by committing another crime—tampering with governmental records in violation of Texas Penal Code § 37.10(c)(1). As a Travis County Tax Office employee, Dominguez entered false data and altered governmental records. For example, she falsely entered a "PASSING" vehicle inspection when no inspection was performed. Dominguez admitted to falsely altering governmental records in exchange for narcotics.

The district court revoked Dominguez's probation. The Sentencing Guidelines recommended a revocation sentence of four to ten months. The district court rejected that range and sentenced her to eighteen months of imprisonment, given Dominguez's original conduct and failure to live a law-abiding life when given the chance while on probation.

On appeal, Dominguez argues that the district court's explanation of the sentence was deficient. We review Dominguez's unpreserved challenge for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To meet this standard, Dominguez must show (1) an error (2) that is clear or obvious and (3) that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Then, we may exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

Dominguez does not meet this demanding standard. She fails to show an error, much less a clear or obvious one. The district court sentenced Dominguez to eighteen months of imprisonment after "looking at the original conduct in this case" and Dominguez's "failure to have demonstrated a willingness to live a law-abiding life and to not repeat that conduct." It explained that probation "gives you the opportunity to demonstrate your ability to do what you say you're going to do"—"follow

the law and be a productive, law-abiding citizen." "But there's a flip side to that and that is that if you don't take advantage of that, you end up in a worse position than if you had not been given that chance in the first place." Once someone's probation is revoked, "we go back to zero."

This explanation was adequate. *See United States v. Turcios-Rivera*, 583 F. App'x 375, 376–77 (5th Cir. 2014) (per curiam); *United States v. Uribe-Nava*, 582 F. App'x 483, 484 (5th Cir. 2014) (per curiam). Dominguez asserts that the district court failed to consider the Sentencing Guidelines, but the district court considered and rejected the Sentencing Guidelines range. The district court considered relevant factors, such as the nature and circumstances of the offense, Dominguez's criminal history, and the need to deter conduct. This explanation was thus sufficient. Because the district court did not clearly or obviously err, we AFFIRM.