# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2010

Charles R. Fulbruge III
Clerk

No. 08-30485
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THERON DEMOINE BOSLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:03-CR-60031-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Theron Demoine Bosley, federal prisoner # 12064-035, appeals the denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). We review the decision whether to grant or deny a § 3582(c)(2) motion for an abuse of discretion. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009).

Bosley argues that the district court abused its discretion by denying a reduction based on the minor offenses in his prison disciplinary record and without considering his later positive accomplishments. Post-sentencing conduct

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the defendant that occurs after imposition of the original sentence may be considered by the district court in determining whether a reduction should be granted. *See* § 1B1.10, comment. (n.1(B)(iii)). Even in light of Bosley's later accomplishments, Bosley's disciplinary record suggests an inability or unwillingness to comply with prison rules and regulations. Therefore, Bosley has not shown that the district court abused its discretion by denying relief on this basis.

Bosley argues that the district court erred by denying his motion without giving him an opportunity to be heard. A defendant need not be present when a "proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." FED. R. CRIM. P. 43(b)(4). He also argues that the district court failed to indicate that it considered the factors set forth in § 3553(a) and § 1B1.10. Although a district court is required to consider these factors, it is not required to provide reasons for its denial of a § 3582 motion or to explain its consideration of the § 3553(a) factors. *See Evans*, 587 F.3d at 674. The record reflects that the district court considered Bosley's subsequent pleadings and implicitly considered the § 3553(a) factors. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Bosley also argues that the district court erred by considering his criminal history and his possession of a firearm, both of which he asserts were already considered in the calculation of his original sentence. Bosley has not shown that the district court abused its discretion as § 3553(a)(1) requires the district court to consider "the nature and circumstances of offense and the history and characteristics of defendant."

Finally, citing *United States v. Jones,* 489 F.3d 679 (5th Cir. 2007), Bosley argues that the district court erred by considering his unadjudicated arrests. The district court mentioned the arrests in passing, but it twice stated that Bosley's prison disciplinary record alone was sufficient to justify the denial of relief and it also considered several other clearly permissible factors. As there

No. 08-30485

is no indication that the mere mention of Bosley's unadjudicated prior arrests had any bearing on the district court's decision to deny relief, Bosley has not shown that the district court abused its discretion.

AFFIRMED.