JERRY E. SMITH, Circuit Judge,
dissenting:
The panel majority — Judges Higginbotham and Elrod — declines to take District Judge Engelhardt at his word that *281 “the sentence is not based on the arrests.” Only a few months ago, in a factually indistinguishable case, the same two judges, as part of a unanimous panel, affirmed a sentence despite District Judge Zainey’s consideration of bare arrests.[1] I accept and believe Judge Engelhardt’s assurance that he did not use the bare arrests to decide the sentence he imposed. And even if he had, his awareness of the arrests did not affect Johnson’s sentence, just as this panel majority believed that Judge Zainey’s cognizance of the arrests did not influence Williams’s sentence— even despite the absence of a flat statement of denial like Judge Engelhardt’s. Because the majority’s insistence on questioning Judge Engelhardt’s pronouncement is nothing less than insulting micromanagement of a matter entrusted to the district court’s sound discretion, I respectfully dissent.
I am confounded by the majority’s result and reasoning. Where a district judge unequivocally states his reasoning when imposing a sentence, this court should not engage in psychoanalysis to create a question, where none exists, as to what he “really meant.” This record plainly shows that Judge Engelhardt did not consider the arrests.
The government’s motion for an upward variance did not mention the arrests but, instead, discussed the nature of Johnson’s instant offense, his multiple drug convictions, and that he had committed the instant offense while on probation for his last conviction. Although Judge Engelhardt commented on the arrests during the hearing, he barely mentioned them while finally explaining his sound reasons for imposing an above-guideline sentence. Instead, he focused almost exclusively on the serious nature of the instant offense, including Johnson’s violent battery of a police officer and discarding a loaded weapon in a residential neighborhood. Judge Engelhardt also noted “that, at the time of the instant offense, [Johnson] had been allowed probation, rather then [sic] imprisonment, on three separate occasions” and had failed to take “advantage of these opportunities by adopting a productive, law-abiding lifestyle.” The court used 336 words in its Statement of Beasons; only 14 of those words — not even a full sentence — vaguely alluded to the arrests.[2]
The majority states that “[t]he oral transcript from the sentencing hearing is not entirely clear.” There is, however, nothing uncertain about Judge Engelhardt’s plain-as-day affirmation that “the sentence is not based on the arrests.” We should read that assurance at face value: Judge Engelhardt said what he said and meant what he meant. His mention of the arrests was merely as further support for a sentence he would have imposed anyway.[3]
*282 But, even if the court did consider the arrests, Johnson’s sentence was not influenced by that improper factor. In Williams, Judge Zainey also took careful account of facts and considerations other than the bare arrests, and the panel concluded, 620 F.3d at 495, that “the district court’s lengthy and weighted discussion of other significant, permissible factors belies Williams’s argument that the alleged error affected his substantial rights.” As here, the district court’s cognizance of the bare arrests in Williams did not affect the sentence: “Although the court took into account the rate of Williams’s arrests in evaluating the need to protect the community from further crimes, it gave significant consideration to the egregious facts of the instant ease.... ” Williams, 620 F.3d at 496. “Williams has not demonstrated a reasonable probability that he would have received a lesser sentence but for the court’s consideration of his ‘bare’ arrest record.... [The district court’s] limited comment on his arrest record does not impugn its conclusion.... ” Id.
The panel majority attempts to reconcile Williams with the contradictory position it takes now by saying that Williams was decided on plain-error review, so the burden was on the defendant to show that the district court had considered the arrests. But that fact is irrelevant, because the question in Williams and here is whether mere awareness of the bare arrest record affected the sentence. Other panels of this court, as well, have upheld sentences where bare arrests appeared in the record but did not affect the sentence.[4]
Because there was no error at all, there is no need to discuss the proper harmless-error standard. There is, however, a glaring problem with the majority’s proposed standard. The majority states, in one portion of its opinion, that to prove harmlessness, the proponent must show (1) that the district court would have imposed the same sentence and (2) that it would have done so for the same reasons it gave at the prior sentencing. But that standard means that one could never show harmlessness if the district court considered an impermissible factor at sentencing. Luckily, the majority largely ignores that impossible standard and uses the proper test from United States v. Ibarra-Luna, 628 F.3d 712, 719 (5th Cir.2010), namely whether the “sentence the district court imposed was not influenced in any way by [consideration of the improper factor].”[5] Based on the government’s reasons for an upward departure, the seriousness of Johnson’s offense, and Judge Engelhardt’s assurance that he did not consider Johnson’s arrest record, the sentence was not influenced in any way (as it also was not in Williams) by any consideration of the arrests.[6]
*283 There was no error, harmless or otherwise. What part of “the sentence is not based on the arrests” does the majority not understand? I respectfully dissent.

. See United States v. Williams, 620 F.3d 483 (5th Cir.2010) (Elrod, J.), cert. denied, - U.S. -, 131 S.Ct. 1534, 179 L.Ed.2d 348 (2011).

. Judge Engelhardt’s discussion of the arrests during the hearing did span eight pages, as the majority counters, but a large portion of that discussion involved Johnson and his lawyer's attempting to dissuade the court from considering the arrests and the court’s assuring them that the sentence was not based on the arrests.

. Cf. Tapia v. United States, - U.S. -, 131 S.Ct. 2382, 2392, 180 L.Ed.2d 357 (2011) (emphasizing that even though a court may not lengthen a prison term to promote rehabilitation, "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a court properly may address a person who is about to begin a prison term about these important matters.”).

. See, e.g., United States v. Bosley, 365 Fed.Appx. 599, 600 (5th Cir.2010) (per curiam) ("The district court mentioned the arrests in passing, but it twice stated that Bosley’s prison disciplinary record alone was sufficient to justify the denial of relief and it also considered several other clearly permissible factors.”).

. See also Williams v. United States, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) (stating that the party defending the sentence shows harmlessness by persuading the court "that the district court would have imposed the same sentence absent the erroneous factor”).

.The majority’s reference to Justice Sotomayor’s concurrence in Tapia, 131 S.Ct. at 2393, is a stretch. In Tapia, the district court stated that the sentence had “to be sufficient to provide needed correctional treatment,” id. at 2385, and that the "number one thing [was] the need to provide treatment,” id. at 2392 (internal quotation marks omitted). Judge Engelhardt attached no such importance to Johnson's arrests when articulating the reasons for the sentence.