# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SCOTT CAMERON SHERMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:

Scott Cameron Sherman was convicted of conspiracy to commit wire fraud and was sentenced below the guidelines range to 20 months of imprisonment, to be followed by one year of supervised release. Though Sherman was initially indicted on one count of conspiracy to commit mail and wire fraud affecting a financial institution and two counts of wire fraud affecting a financial institution, Sherman waived his right to prosecution by indictment and pleaded guilty to a bill of information. His guilty plea was made pursuant to a plea agreement. Sherman now appeals and moves for release on bail pending appeal or, alternatively, an order requiring the district court to set the amount for an unsecured appearance bond.

No. 14-41354

Sherman argues that the district court committed an error under Federal Rule of Criminal Procedure 11 because the court failed to advise him that the initial indictment was void.  He also contends that his guilty plea was unknowing and involuntary as a result of a material misrepresentation or mutual mistake underlying the validity of the plea agreement.  Sherman further argues that the indictment was invalid and deprived the district court of jurisdiction because it was returned after the grand jury's term expired.

Because Sherman did not object to the alleged Rule 11 error in the district court, we review for plain error only.  *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002).  To establish plain error, Sherman must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Our review of the record shows that the district court complied with Rule 11 and that Sherman's guilty plea was knowing and voluntary.  He does not show that the court committed clear or obvious error.  *See Puckett*, 556 U.S. at 135.

Sherman's argument challenging the validity of the plea agreement fails.  He asks us to apply the Tenth Circuit's three-part test in determining whether a "mutual mistake" invalidated his plea agreement.  *See United States v. Frownfelter*, 626 F.3d 549, 555 (10th Cir. 2010).  Even if, assuming arguendo, we applied the test here, Sherman cannot prevail.  Sherman received numerous substantial benefits from pleading guilty to the information pursuant to the plea agreement.  Additionally, the alleged technical invalidity of the indictment would not have prevented the Government from presenting the case to a new grand jury to obtain a new indictment.  Thus, he does not

show that the "mutual mistake" had a material effect on the agreed exchange of performances. His alternative claim that the Government misrepresented the validity of the indictment is conclusory, speculative, and not supported by any evidence in the record. In sum, he has failed to show that his guilty plea was unknowing or involuntary.

Because Sherman entered a knowing and voluntary guilty plea to a bill of information after knowingly waiving his right to indictment, Sherman's challenge to the validity of the indictment is waived. *See United States v. Cotton*, 535 U.S. 625, 630-31 (2002); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008).

The judgment of the district court is AFFIRMED. Sherman's motion for bail pending appeal or, alternatively, an order requiring the district court to set the amount for an unsecured appearance bond is DENIED.