# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-10547

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PAUL ADRON FREEMAN, III,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-32-4

———————————————————————

Before JONES, RICHMAN, and HO, *Circuit Judges*.

PRISCILLA RICHMAN, *Circuit Judge*:[*]

Paul Adron Freeman, III entered a plea agreement, pleading guilty to a single count in the superseding indictment charging him with "knowingly and intentionally possess[ing] with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine" in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Freeman challenges the voluntariness of his plea agreement, arguing the district court plainly erred in

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

failing to inform him that the indictment required that the Government prove he knew the quantity of cocaine was more than 500 grams. Freeman additionally asserts that his guilty plea was involuntary because he entered the plea agreement without understanding that his conduct did not satisfy the essential elements of the offense. He contends that the evidence is insufficient to prove he had constructive possession of the cocaine and intent to distribute it. We conclude that Freeman's appeal waiver does not bar his appeal. We therefore deny the Government's pending motion to dismiss. Because Freeman has not established plain error, we affirm his conviction.

**I**

Freeman allegedly operated a "trap house" in Dallas, Texas that was part of a drug distribution conspiracy. Law enforcement officers and agents executed a search warrant at the house in January 2020. Freeman was the only person inside the house at the time and was arrested. At the house, agents found a steel locker built into the wall. The locker contained 739 grams of cocaine and 82.7 grams of crack cocaine. Freeman did not have a key to the locker but was aware the locker contained cocaine. Officers found additional amounts of cocaine and other drug paraphernalia in the kitchen, and also found various firearms in the house.

Freeman and several other defendants were charged with multiple counts in the superseding indictment. Freeman was charged with four counts in total—those being, Count One, conspiring to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); Count Seventeen, "knowingly and intentionally possess[ing] with the intent to distribute 500 grams or more of . . . cocaine" in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); Count Eighteen, possession of a firearm in furtherance of a drug-trafficking crime in violation

of 18 U.S.C. § 924(c)(1)(A); and Count Nineteen, being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

As part of his plea agreement, Freeman agreed to plead guilty to Count Seventeen, and the Government agreed to dismiss the other three charges against him. Specifically, Freeman agreed to plead guilty to "the offense alleged in Count Seventeen of the superseding indictment" which was recounted in the plea agreement as "charging a violation [of] 21 U.S.C. § 841(a)(1) and (b)(1)(B), that is, possession with the intent to distribute a [sic] 500 grams or more of a mixture and substance containing a detectable amount of cocaine." In the indictment, Count Seventeen read in relevant part as follows:

> On or about January 30, 2020 . . . Paul Adron Freeman, III, defendant, knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.
>
> In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Additionally, as part of his plea agreement, Freeman agreed to waive his right to appeal his conviction and sentence but reserved, among other rights, the right to "challenge the voluntariness of [his] plea of guilty."

At rearraignment, Freeman agreed that he understood the charge against him and was read the "essential elements as to Count 17," which were recounted to Freeman by the Government as follows:

> Mr. Freeman is pleading guilty to Count 17, which charges a violation of 21, U.S.C., Section 841(a)(1) and (b)(1)(B); that is, possession with the intent to distribute 500 grams or more of cocaine.

> The elements are: First, that the Defendant knowingly possessed a controlled substance, as charged in the Superseding Indictment;
>
> Second, that the substance was in fact cocaine;
>
> Third, that the Defendant possessed the substance with the intent to distribute it;
>
> And, fourth, that the amount of cocaine the Defendant possessed with the intent to distribute was at least 500 grams.

Freeman then stated he agreed his conduct satisfied those elements. Freeman also indicated he understood the terms of his plea agreement, including his waiver of appeal provision.

Freeman also agreed with the written factual resume, which included the factual basis supporting his plea to Count Seventeen. The factual basis described the offense as "a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), that is, possession with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance." The elements in the factual basis were set forth as, first, "the defendant knowingly possessed a controlled substance as charged in the superseding indictment"; second, "the substance was in fact cocaine"; third, "the defendant possessed the substance with the intent to distribute it"; and fourth, "the amount of cocaine the defendant possessed with the intent to distribute was at least 500 grams." At the outset of the resume's stipulated facts section, Freeman admitted he "knowingly and intentionally, possessed with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance." He further admitted he "was aware that the locked compartment likely contained cocaine but he consciously disregarded and was deliberately indifferent to . . . the fact that [the cocaine] could be in an amount over 500 grams," and he "agree[d] that although he did not . . . own

the contraband he jointly constructively possessed the cocaine with the intent that it was to be distributed and that, under the law, he committed all the essential elements of the offense."

The district court accepted Freeman's plea and plea agreement. The presentence report calculated a guidelines range of 135 to 168 months of imprisonment. At sentencing, the district court sustained an objection resulting in a lower guidelines range of 108 to 135 months of imprisonment. Ultimately, Freeman received a below-guidelines variance of 75 months of imprisonment and four years of supervised release.

Freeman filed a timely notice of appeal.[1] After Freeman filed his initial brief, the Government moved to dismiss the appeal based on the appeal waiver provision in his plea agreement. This court previously ordered the motion to be carried with the case.

## II

We first address the Government's pending motion to dismiss. The Government argues that this court should dismiss Freeman's appeal based on the appeal waiver provision in his plea agreement.

"This court reviews de novo whether an appeal waiver bars an appeal."[2] In so doing, this court "conduct[s] a two-step inquiry," asking "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement."[3] Freeman does not argue, and nothing in the record indicates, that the waiver was not knowing and voluntary. Therefore, the

---

[1] Fed. R. App. P. 4(b)(1)(A).

[2] *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

[3] *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

only issue to consider is whether the waiver or one of the waiver's exceptions applies to Freeman's appeal.[4]

In his appeal, Freeman challenges both the voluntariness of his guilty plea and the sufficiency of the factual basis supporting his plea. Freeman's appeal waiver expressly provides that he may "challenge the voluntariness of [his] plea of guilty." Although the Government argues in its motion that Freeman's claims are meritless, it does not argue that his claims do not amount to an argument that his plea was not knowing and voluntary. Additionally, a defendant "may challenge the factual basis underlying his guilty plea notwithstanding his . . . appeal waiver."[5] Freeman's waiver expressly permits him to bring his first claim and does not preclude him from bringing his second. Therefore, the appeal waiver does not bar Freeman's appeal, and, accordingly, we deny the Government's motion to dismiss.

## III

We next address Freeman's claims that the district court plainly erred in (1) failing to inform him that the Government was required to prove Freeman knew the quantity of cocaine at issue, the consequence being that his plea was not voluntary, and (2) accepting his plea agreement based on an insufficient factual basis. Because Freeman has not met his burden in

---

[4] *See id.*; *see also United States v. Leal*, 933 F.3d 426, 430 (5th Cir. 2019).

[5] *United States v. Alvarado-Casas*, 715 F.3d 945, 951 (5th Cir. 2013) (citing *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002)); *see also Baymon*, 312 F.3d at 727 ("[E]ven if there is an unconditional plea of guilty or a waiver of appeal provision in a plea agreement, this Court has the power to review if the factual basis for the plea fails to establish an element of the offense which the defendant pled guilty to.").

showing a reasonable probability that, but for either error, he would not have entered the plea, we conclude Freeman has failed to show plain error.[6]

Freeman first argues his plea was not knowing or voluntary because "he was not properly advised of the nature of the charge to which he was pleading guilty, as required by Fed. R. Crim. P. 11(b)(1)(G)." He argues that although 21 U.S.C. § 841(a)(1) and (b)(1)(B), as interpreted by this court's decisions in *United States v. Betancourt*[7] and *United States v. Gamez-Gonzalez*,[8] does not require the Government prove he knew the quantity of cocaine, the Government obligated itself to prove so by charging in the indictment that he "knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine . . . [i]n violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)." Freeman argues that under this court's decision in *United States v. Sanders*,[9] "[t]he Government is required to prove what is charged in the [i]ndictment even if it exceeds what the applicable statute requires to secure a conviction." He argues alternatively that the Supreme Court's recent decisions in *Ruan v. United States*[10] and *Rehaif v. United States*[11] "undermine this [c]ourt's precedents [in *Betancourt* and *Gamez-Gonzalez*] refusing to attach a *mens rea* requirement to the quantity element required to convict a

---

[6] *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) ("We hold, therefore, that a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.").

[7] 586 F.3d 303, 308-09 (5th Cir. 2009).

[8] 319 F.3d 695, 699-700 (5th Cir. 2003).

[9] 966 F.3d 397, 406 (5th Cir. 2020).

[10] 142 S. Ct. 2370 (2022).

[11] 139 S. Ct. 2191 (2019).

defendant under . . . . § 841(a)(1) and (b)(1)(B)." Freeman argues that, either way, because he was not informed of this additional knowledge element during the plea colloquy, he "unwittingly pleaded guilty to an offense without knowing the true nature of the charge to which he was pleading guilty, and without understanding that he was entering a plea based on one less element than the [i]ndictment required," and, in so doing, the district court ran afoul of FEDERAL RULE OF CRIMINAL PROCEDURE 11(b)(1)(G).

Freeman next argues that the district court erred in accepting his plea because "there was an insufficient factual basis to support [his] plea, as required by Fed. R. Crim. P. 11(b)(3)." He argues that "the record fails to support [his] 'knowing' possession of a quantity of cocaine [of] at least 500 grams, [and] it also fails to support [his] possession of the cocaine and his 'specific intent' to distribute that cocaine." He argues the record only establishes he "consciously disregarded and was deliberately indifferent" to the possibility that the cocaine "could be" over 500 grams, and, as a result, the district court erred in accepting his plea based on an insufficient factual basis.

Freeman did not object below to the district court's alleged Rule 11 errors. We therefore review his claims for plain error.[12] To establish plain error, Freeman must show "(1) there was error, (2) the error was plain, [and] (3) the error affected his 'substantial rights,'"[13] "which in the ordinary case

---

[12] *See United States v. Sherman*, 817 F.3d 224, 225 (5th Cir. 2016) (per curiam) ("Because Sherman did not object to the alleged Rule 11 error in the district court, we review for plain error only." (citing *United States v. Vonn*, 535 U.S. 55, 58-59 (2002))).

[13] *United States v. Jackson*, 549 F.3d 963, 975 (5th Cir. 2008) (citing *United States v. Jones*, 489 F.3d 679, 681 (5th Cir. 2007)); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725, 732-34 (1993)).

means [the appellant] must demonstrate that [the error] 'affected the outcome of the district court proceedings.'"[14]  In this context, we have explained that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."[15]  If Freeman satisfies those prongs, then this court "has the *discretion* to remedy the error" only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[16]  We have noted that obtaining such relief on plain error review "will be difficult to get, as it should be."[17]

Freeman's claims fall short because even if we were to assume he is able to prove a clear or obvious error for either of his claims, he still has the burden of showing "a reasonable probability that, but for [either] error, he would not have entered the plea."[18]  Freeman fails to meet this burden because he points to nothing in the record suggesting he was prepared and willing to go to trial,[19] and, in so doing, face heightened sentencing exposure

---

[14] *Puckett*, 556 U.S. at 135 (quoting *Olano*, 507 U.S. at 734).

[15] *United States v. Jones*, 969 F.3d 192, 199 (5th Cir. 2020) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

[16] *Puckett*, 556 U.S. at 135 (quoting *Olano*, 507 U.S. at 736); *see also Jackson*, 549 F.3d at 975 (quoting *Jones*, 489 F.3d at 681).

[17] *United States v. Hughes*, 726 F.3d 656, 660 (5th Cir. 2013) (quoting *Dominguez Benitez*, 542 U.S. at 83 n.9).

[18] *Jones*, 969 F.3d at 199 (quoting *Dominguez Benitez*, 542 U.S. at 83).

[19] *See United States v. Alvarado-Casas*, 715 F.3d 945, 954-55 (5th Cir. 2013) (affirming guilty plea conviction despite clear and obvious Rule 11 error because the defendant "d[id] not point to record evidence that he was prepared and willing to go to trial"); *United States v. Molina*, 469 F.3d 408, 412 (5th Cir. 2006) (affirming guilty plea conviction despite alleged Rule 11 error because the defendant "d[id] not direct this court

No. 22-10547

by risking conviction on the conspiracy and firearm-related charges set forth in the indictment.[20]

In *United States v. Alvarado-Casas*,[21] we concluded that although the district court clearly and obviously erred in advising a defendant of the statutory maximum for the offense to which he was pleading guilty as part of his plea agreement, the defendant on appeal failed to show that but for the alleged Rule 11 error he would not have entered his plea.[22] We noted first that the defendant on appeal "d[id] not point to record evidence that he was prepared and willing to go to trial."[23] And we noted second that "even if [the defendant] were prepared to go to trial, it [was] not reasonably probable that he would have declined the plea deal and exposed himself to a higher potential Guidelines range and maximum sentence."[24] In reaching this conclusion, we adopted the First Circuit's reasoning in *United States v. Caraballo-Rodriguez*,[25] which we noted as holding that

———————————

to any portion of the record supporting the proposition that the [alleged error] affected his plea decision").

[20] *See Alvarado-Casas*, 715 F.3d at 954-55 ("[E]ven if [defendant] were prepared to go to trial, it is not reasonably probable that he would have declined the plea deal and exposed himself to a higher potential Guidelines range and maximum sentence." (citing *United States v. Caraballo-Rodriguez*, 480 F.3d 62, 76 (1st Cir. 2007))); *Caraballo-Rodriguez*, 480 F.3d at 68-69, 76-77 (affirming guilty plea conviction despite alleged Rule 11 error in accepting guilty plea without a factual basis because "even if the district court had erred in its understanding of [the relevant] law, there is nothing in the record to suggest that the defendant would have been willing to risk trial on the conspiracy charges in the absence of the error").

[21] 715 F.3d 945 (5th Cir. 2013).

[22] *Id.* at 953-54.

[23] *Id.* at 954.

[24] *Id.* at 954-55.

[25] 480 F.3d 62 (1st Cir. 2007).

even if the district court erred in accepting [the] defendant's guilty plea without a factual basis, there was no reasonable probability that but for the alleged error the defendant would not have pleaded guilty, in light of the 'extremely favorable plea deal' that was 'structured to find a significantly less serious offense to which he could plead.'[26]

In Freeman's case, assuming without deciding that he is able to show clear or obvious error, he has not met his burden of showing that but for the error he would not have entered the plea. Freeman's only argument on this point is that "because the record shows [he] did not know that the quantity in the bathroom locker was 500 grams or more, there is a reasonable probability that he would not have entered his plea of guilty to Count 17 had he understood what the Government was actually required to prove." Freeman does not explain beyond this cursory assertion why, had he known what the Government was actually required to prove, he would not have entered the plea. By entering the plea agreement, Freeman avoided increased sentencing exposure that he would have risked by going to trial absent the benefit of his plea bargain. Freeman was charged with four counts in the superseding indictment. Pursuant to his plea agreement, Freeman pleaded guilty to only one count, which carried a sentence of, at a minimum, five years and, at a maximum, forty years of imprisonment.[27] The Government, for its part, agreed to dismiss the other charges against Freeman, one of which carried a sentence of, at a minimum, ten years and, at

---

[26] *Alvarado-Casas*, 715 F.3d at 955 (quoting *Caraballo-Rodriguez*, 480 F.3d at 76).

[27] *See* 21 U.S.C. § 841(b)(1)(B) ("In the case of a violation of subsection (a) of this section . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . .").

No. 22-10547

a maximum, life imprisonment,[28] and another which carried an additional exposure of five years of imprisonment to be added onto the end of Freeman's sentence for the other counts.[29] Because it is not reasonable given the circumstances here to assume that but for the alleged errors Freeman would have refused to enter the plea agreement, we conclude that Freeman has failed to show plain error, and we affirm Freeman's conviction.[30]

\* \* \*

For the foregoing reasons we DENY the Government's motion to dismiss and AFFIRM Freeman's conviction.

---

[28] *See* 21 U.S.C. § 841(b)(1)(A) ("In the case of a violation of subsection (a) of this section . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . .").

[29] *See* 18 U.S.C. § 924(c)(1)(A) (stating that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for" that crime "be sentenced to a term of imprisonment of not less than 5 years").

[30] *Alvarado-Casas*, 715 F.3d at 954-55.